IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREGORY GIVENS,** | Case No. 2:14-CV-00756-SU |
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATION** |
| **CAROLYN W. COLVIN,**<br>Commissioner of Social Security, | |
| Defendant. | |

SULLIVAN, Magistrate Judge:

Gregory Givens ("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner denied plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the Act. For the reasons set forth below, the Commissioner's decision should be reversed and remanded for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for DIB on January 18, 2011 alleging a disability onset date of June 19, 2010. Tr. 25-26. After his claim was denied initially and upon reconsideration, plaintiff requested a hearing before an administrative law judge ("ALJ"). Tr. 23. After a hearing, held on September 18, 2012, the ALJ issued a decision finding plaintiff was not disabled. Tr. 30. The Appeals Council ("AC") denied plaintiff's subsequent request for review, making the ALJ's decision the final Agency decision. Tr. 1-3. This appeal followed.

## FACTUAL BACKGROUND

Born in February, 1957, plaintiff was 53 years old on the alleged onset date of June 19, 2010. Tr. 23, 134. Plaintiff completed one year of college and has past work experience as a case aide and as a certified nurse's assistant ("CNA"). Tr. 30, 149, 173, 260. He alleges disability due to nerve problems, neck and shoulder arthritis, and mental issues. Tr. 149.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005)

(the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation").

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. § 404.1520(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 404.1520(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the

Page 3 – FINDINGS AND RECOMMENDATION

claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. § 404.1520(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

## THE ALJ'S FINDINGS

At step one of the sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 25. At step two, the ALJ determined that plaintiff has the following severe impairments: bilateral carpal tunnel syndrome, right ulnar neuropathy status post decompression, and cervical degenerative disc disease with mild C6 radiculopathy. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment. Tr. 26.

Next, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations: he can lift and carry no more than ten pounds bilaterally; he can stand, walk, and sit six hours each in an eight hour workday; and he can only occasionally reach overhead, finger, and handle objects with his dominant right hand. Tr. 26. At step four, the ALJ found that plaintiff could perform his past relevant work as a case aide as actually and generally performed. Tr. 30. The ALJ therefore concluded that plaintiff was not disabled. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) failing to find his complex regional pain syndrome ("CRPS") to be severe at step two; (2) improperly rejecting the opinion of plaintiff's treating neurologist Rodrigo Lim, M.D; (3) formulating an incorrect RFC; (4) relying upon the VE testimony; and (5) improperly rejecting his credibility. The Commissioner concedes that the ALJ erred in evaluating evidence related to his CRPS; in evaluating plaintiff's testimony; and in

Page 4 – FINDINGS AND RECOMMENDATION

weighing the medical opinion of treating physician Rodrigo Lim, M.D.  The question before the court is thus whether this case should be remanded for further proceedings or for payment of benefits.

Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014).  The issue turns on the utility of further proceedings.  A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings or when the record has been fully developed and the evidence is insufficient to support the Commissioner's decision.  *Id.*  A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Act.  *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

In the Ninth Circuit, the "credit-as-true" doctrine is "settled" and binding on this Court.  *Garrison v. Colvin*, 759 F.3d 995, 999 (9th Cir. 2014).

> [The Ninth Circuit has] devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020.

Ordinarily, if all three of these elements are satisfied, a district court must remand for a calculation of benefits.  *Id.*  If, however, "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," the district court retains the "flexibility" to remand for further proceedings even when these elements are satisfied. *Id.* at 1021; *see also Burrell v.*

Page 5 – FINDINGS AND RECOMMENDATION

*Colvin*, 775 F.3d 1133, 1141-42 (9th Cir. 2014) (remanding for further proceedings without analyzing whether the three factors are met "because, even assuming that they are, we conclude that the record as a whole creates serious doubt as to whether Claimant is, in fact, disabled"). Moreover, when remanding for further development of the record, the district court has the discretion to remand on an open record or with the directive that the claimant's testimony be credited as true. *See Burrell*, 775 F.3d at 1142 (observing that a court's "flexibility" includes the option to "remand on an open record for further proceedings" (citing *Garrison*, 759 F.3d at 1021)).

Here, outstanding issues remain before a finding of disability is warranted, and this case should therefore be remanded for further proceedings. As the Commissioner concedes, there are factual discrepancies regarding the onset of CRPS. Additionally, while plaintiff's treating neurologist Dr. Lim assessed upper left arm limitations concurrent with plaintiff's testimony, the State agency reviewing physicians found no left arm limitations, and medical expert James Haynes, M.D., testified that plaintiff did not have any left upper extremity limitations. *See* Tr. 28-29, 43 (testimony from Dr. Haynes stating that plaintiff does not have left upper extremity limitations on lifting or carrying), 69-70, 83-84 (opinions of state agency consultants finding no left arm limitations). Further, in a letter dated April 21, 2012, Dr. Lim assessed limitations that preclude all work, contradicting other medical evidence in the record, including Dr. Lim's earlier assessments. *See* Tr. 28-29, 43, 69-70, 83-84 (opinion of state agency physicians that plaintiff is capable of performing a range of light work), 373, 374 (Dr. Lim's March, 2011 opinion that plaintiff is able to ambulate without difficulty), 376 (assessment by Dr. Lim with no limitations on standing, walking, or sitting), 387 (normal mental status observed with no cognitive deficits), 388 (no opinion as to standing, walking, or sitting restrictions). On remand, the ALJ should conduct a de novo hearing, update and reevaluate the medical records and obtain additional

medical evidence as necessary, resolve all conflicts within the record, reevaluate the credibility of plaintiff and the lay witness, and, if necessary, formulate a new RFC and take new testimony from a VE regarding whether plaintiff's past relevant work could be performed by an individual with plaintiff's limitations. *See Treichler*, 775 F.3d at 1098 (the Court should "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record").

## RECOMMENDATION

For the foregoing reasons, the Commissioner's decision should be REVERSED and this case REMANDED for further proceedings.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due within 14 days. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this _20th_ day of May, 2015.

_/s/ Patrica Sullivan_____

Patricia Sullivan
United States Magistrate Judge